**United States Bankruptcy Court
Eastern District of Virginia
<u>Alexandria Division</u>**

**In re:**

| | |
|---|---|
| **WW Contractors, Inc.,** | **Case No. 18-12095-BFK** |
| **Debtor.** | **Chapter 11** |
| | **Hearing: August 14, 2018, at 11:00 am<br>Courtroom I, 2nd Floor** |

**Objection to the Employment of
<u>Saul Ewing Arnstein & Lehr LLP as Special Litigation Counsel</u>**

    Comes Now, John P. Fitzgerald, III, Acting United States Trustee for Region 4, and files this objection to the Debtor's Application to Approve the Employment of Saul Ewing Arnstein & Lehr LLP ("Applicant") as Special Litigation Counsel to the Debtor. Docket No. 52.

    In support of this objection the following representations are made:

1. Pre-petition, the Debtor commenced litigation against Sarai Investment Corporation and related parties in the Circuit Court of Maryland for Baltimore City in which the Debtor alleged numerous causes of action against the Defendants. The litigation was subsequently removed to the United States District Court for the District of Maryland. Application, ¶ 4.

John P. Fitzgerald, III
Acting United States Trustee
For Region 4
Jack Frankel, Attorney
115 S Union Street
Alexandria, VA 22314
(703) 557-7229

2. Pre-petition, the Debtor had retained the Business & Technology Law Group to represent the Debtor in this litigation. Application, footnote 1.

3. The Debtor now wants to replace the Business & Technology Law Group and retain the Applicant for the district court litigation.

4. The Debtor wants the Court to approve the employment of the Applicant pursuant to Section 327(a) of the Bankruptcy Code. Application ¶ 2.

## Objections

### Basis for Employment Under Section 327(a) Not Explained

1. It is unclear why the Debtor seeks the Court to approve the employment of the Applicant under Section 327(a) instead of 327(e) of the Bankruptcy Code.

2. The United States Trustee assumes from representations made by the Debtor's representative at the meeting of creditors that the district court litigation is central (or critical) to the reorganization of the Debtor.

3. A law firm employed as special counsel cannot represent a debtor in "conducting the case." *In re Running Horse, L.L.C.* (371 B.R. 446, 453) (Bankr. E.D. CA 2007).

4. Section 327(e) of the Bankruptcy Code allows an exception to the rule that professionals retained by the estate must be both disinterested and not hold or represent an interest adverse to the estate. 11 U.S.C. Section 327(a).

5. Section 327(e) of the Bankruptcy Code states:

> (e) The trustee, with the court's approval, may employ, for a *specified special purpose*, *other than to represent the trustee in conducting the case,* an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

(emphasis added)

6. The special purpose must be unrelated to the reorganization. *In re Congloeum* Corp., 426 F.3d. 675, 689 (3rd Cir. 2005) ("The "special purpose" must be unrelated to the reorganization and must be explicitly described in the application."

7. Section 327(e) should not be used to bypass the requirements of Section 327(a). As Judge Tice stated in *In re Tidewater Memorial Hosp., Inc.* 110 B.R. 22, 227 (1989):

> A purpose of § 327(e) is to allow counsel who cannot meet the disinterestedness requirement of § 327(a) nevertheless to render valuable services to the debtor in matters where counsel has no adverse interest. § 327(e) is specific, however, in prohibiting special counsel from

representing the debtor "in conducting the case". 11 U.S.C. § 327(e) (1988).

8. In a recent case considering Section 327(e) employment, *Roper and Twardowsky, LLC*, 566 B.R. 734 (Bankr. NJ 2017), the court stated, having surveyed the law in other cases, that the employment of special counsel should be denied if the services to be rendered by proposed special counsel "overlapped" those normally performed by general bankruptcy counsel. The plain language of Section 327(e) makes it clear that a trustee "may employ [counsel], for a specified special purpose, **other than to represent the trustee in conducting the case**...." 11 U.S.C. § 327(e) (emphasis added). Case law examining this quoted portion of the statute is limited. However, *a survey of available case law illustrates a pattern where courts have refused to authorize the employment of special counsel—whose services would overlap with those customarily reserved for general bankruptcy counsel—regardless of how much familiarity with and understanding of the debtor's affairs special counsel brings to the case*

*In re Roper & Twardowsky, LLC*, 566 B.R. 734, 750 (Bankr. D.N.J. 2017) (italic emphasis added).

In the present case, it appears that the Applicant would be involved in a matter central to the reorganization of the Debtor. The Applicant would be conducting the case. As stated in *In re Running Horse*, LLC 371 B.R. 446, 453 (Bankr. E.D. CA 2007 "The term "conducting the case" is not defined in the Bankruptcy Code. However, the term has been recognized to include matters related to formulation of a chapter 11 plan, and/or liquidation of the debtor's assets." Accordingly, the Applicant would not be a special counsel because the employment is central to the reorganization of the Debtor.

**Basis for Causes of Action to be Pursued in District Court Not Disclosed**

9. The Application does not provide sufficient information regarding the nature of the Debtor's "alleged numerous causes of action." In other words, what did Sarai Investment Corporation and related parties do or not do to the Debtor? What are the Debtor's damages?

10. Without this information, the Application should not be approved.

**No Retainer Agreement Attached**

11. A copy of the Applicant's retainer agreement with the Debtor, if any, should have accompanied the Application.

**Amount(s) Paid to Prior Counsel Not Disclosed**

12. The Application should disclose the amount(s) paid and date(s) paid to prior counsel, Business & Technology Law Group. The

Application should also disclose whether there is any unpaid amount due prior counsel.

## Method for Objecting to Application Not Disclosed

13. The Application does not disclose the method of objecting to the Application as required by Local Bankruptcy Rule 2014-1. The rule states in part:

> **RULE 2014-1 SERVICE OF MOTION FOR AN ORDER AUTHORIZING EMPLOYMENTIN A CHAPTER 11 CASE**
>
> The motion, declaration and any proposed order shall be served on the parties listed below. Any party moving for an order authorizing employment in a proceeding under chapter 11 of the Bankruptcy Code shall, in plain language, inform all such parties of the filing of the motion, disclosing in full and complete detail any actual or potential conflicts of interest, and shall *specify the method for objecting to the proposed order.* Any objections to the proposed employment shall be made in writing, filed with the Court, with a copy served on the movant and the parties listed below, within 14 days from the date of service of the motion.

   (emphasis added)

14. Creditor and public confidence in the administration of bankruptcy cases rests upon the adherence to the rules governing the employment of bankruptcy professionals.

15. Wherefore, the Application should be denied.

July 25, 2018                               John P. Fitzgerald, III
                                            Acting United States Trustee
                                            For Region 4

                                            /s/  Jack Frankel
                                            Jack Frankel, Attorney

                                            Office of United States Trustee
                                            115 S Union Street
                                            Alexandria, VA 22314
                                            (703) 557-7229

## **Certificate of Service**

    I hereby certify that on the 25th day of July, 2018, I e-mailed a copy of this objection and notice of objection and hearing to Aryeh E. Stein, Esq., Attorney for Debtor, Email: astein@meridianlawfirm.com.

                                            /s/  Jack Frankel