**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WW Contractors, Inc., | ) | Case No. 18-12095-BFK |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## DEBTOR'S MOTION TO DISMISS CASE

WW Contractors, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above captioned chapter 11 bankruptcy case, respectfully submits this *Debtor's Motion to Dismiss Case* (the "Motion") requesting the entry of an order pursuant to Section 1112(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code") dismissing this bankruptcy case. In support of the Motion, the Debtor respectfully states as follows.

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested 11 U.S.C. § 1112(b)(1).

### Factual Background

4. On June 12, 2018, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Maryland Court"). This chapter 11 case was filed on short notice due to the Debtor's concerns about its ability to pay its operating expenses. These concerns were precipitated by several

---

WHITEFORD, TAYLOR & PRESTON, LLP
Christopher A. Jones, VSB# 40064
David W. Gaffey, VSB# 85088
Jennifer E. Wuebker, VSB# 91184
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042
Tel: (703) 280-3374

*Proposed Counsel for WW Contractors, Inc.*

issues including rapidly increasing costs associated with a professional employer organization ("PEO") used by the Debtor and creditor pressure stemming from several merchant cash advance loans obtained by the Debtor to help cover the Debtor's increasing costs to the PEO.

5. On June 14, 2018, the Maryland Court entered an order transferring this case to the United States Bankruptcy Court for the Eastern District of Virginia (the "Court"). No official committee of unsecured creditors has been formed in this case.

### Relief Requested

6. The Debtor, in the exercise of its business judgment and consistent with its duties, has determined for the reasons set forth below that it is in the best interest of creditors of its estate to dismiss this case.

### Basis for Relief

7. Section 1112(b)(1) provides that "… on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause …" 11 U.S.C. § 1112(b)(1). Although "party in interest" is not expressly defined in the Bankruptcy Code, section 1109(b) indicates that the term party interest is inclusive of the debtor. *See* 11 U.S.C. § 1112(b) ("A party in interest, *including the debtor*, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue…") (emphasis added); *see also In re Page*, 118 B.R. 456, 458 (Bankr. N.D. Tex. 1990) ("The term 'party in interest' is not defined in § 101, but it is defined in a non-exclusive way in § 1109(b) as including the debtor…"); *see also In re Refine Const. Co., Inc.*, 175 B.R. 827, 829 (Bankr. E.D.N.Y. 1994).

8. Here, cause exists for the Court to dismiss the Debtor's chapter 11 bankruptcy case because dismissal is in the best interest of creditors of the Debtor's estate. Following its engagement as counsel to the Debtor in late October, WTP has worked closely with the Debtor's financial professionals to analyze the Debtor's business operations and cash flow, and to develop a reorganization strategy that will result in a successful chapter 11 plan of reorganization. The

Debtor's professionals have determined that the Debtor is a profitable business, even when taking into account the significant costs of administering this bankruptcy case (such as payments to professionals and United States Trustee fees). The Debtor has timely paid its post-petition payroll obligations and has been able to maintain its relationships with suppliers and subcontractors. It remains a viable going concern.

9. However, the Debtor and its professionals are concerned that, while the business is profitable, it is not currently generating sufficient cash flow necessary to support a confirmable plan of reorganization. Specifically, the Debtor is concerned that a chapter 11 plan of reorganization based on its current net cash flow may not be able to pay administrative creditors in full on the effective date or provide a meaningful return to unsecured creditors.

10. But, upon analyzing the Debtor and its operations, the Debtor's professionals believe that the Debtor can enact structural and operational changes that would greatly increase its profitability and thus its ability to repay its creditors. The Debtor intends to retain, and already has begun seeking, an experienced turnaround professional to streamline the Debtor's business operations, eliminate unnecessary expenses, and restructure the Debtor's management in order to maximize its profitability. The Debtor believes that these changes alone will greatly improve the Debtor's financial performance and stability. The Debtor also intends to seek out additional contracts to increase its overall revenue, which will further strengthen the Debtor's finances. The Debtor intends to move quickly to implement these changes which will then allow it to better address its financial obligations.

11. In the exercise of its business judgment, the Debtor believes that the dismissal of this bankruptcy case will best allow it to effectuate the changes described above. Upon consultation with its financial professionals, the Debtor is unsure that it can sustain both the costs of restructuring its company and operations as well as the substantial administrative costs incurred in connection with this bankruptcy case for the period necessary to effectuate such restructuring and maximize its cash flow. As discussed above, the Debtor has determined that it requires the assistance of an experienced turnaround professional to improve its business

operations and increase its profitability.  The dismissal of this case will permit the Debtor to devote funds currently paying the administrative costs of this case, most significantly fees to the United States Trustee totaling approximately $40,000.00 to $50,000.00 per quarter[1] and professional expenses incurred in prosecuting this case, to the employment of this turnaround professional and the restructuring of its operations.

12.     Further, unlike many bankruptcy cases, the Debtor does not believe that the protections and tools afforded by the Bankruptcy Code are necessary to implement the initial changes required to restructure its business operations and to maximize profitability.  The changes that the Debtor must initially implement are internal, and do not involve the sale of assets, avoidance of contracts or leases, or other actions that are facilitated by the Bankruptcy Code.  Rather, the Debtor requires time to retain its turnaround expert, implement the necessary changes to the Debtor's structure and operations, and maximize its cash flow in order to determine the best means of resolving its obligations to creditors.  Dismissing this case will allow the Debtor and its professionals to devote their full time and resources to fixing the company.  Once these changes are made, the Debtor will be well positioned to address its debts and other financial commitments, whether through negotiations with individual creditors outside of the bankruptcy process or through a strategic, well-planned, and financially viable chapter 11 case.

**Conclusion**

13.     Based on the foregoing, the Debtor requests that this Court dismiss its bankruptcy case, without prejudice, to permit the Debtor to restructure its internal operations and maximize profitability.  Once the necessary internal changes have been made, the Debtor will be in the best position to address its financial obligations to creditors.  The Debtor believes that this result is in the best interest of creditors and other parties in interest, including the Debtor's employees, subcontractors, and customers.  The Debtor's proposed strategy will allow it to provide the maximum possible return to creditors, which the Debtor believes will greatly exceed any

---

[1] The Debtor's fees to the United States Trustee are now 1% of the Debtor's total quarterly disbursements.

expected recovery in its current bankruptcy case. Also, as the Debtor remains profitable, dismissal will allow the Debtor to continue operating and thus preserve the jobs of its 142 employees and many other employees indirectly employed by its subcontractors. The Debtor believes that this is the best result for all parties.

      WHEREFORE, the Debtor respectfully requests that the Court enter an order dismissing this case without prejudice and granting such other and further relief as the Court deems just and proper.

Dated: November 16, 2018           WHITEFORD TAYLOR & PRESTON, LLP

                                          /s/ *David W. Gaffey*
                                          Christopher A. Jones, VSB# 40064
                                          David W. Gaffey, VSB# 85088
                                          Jennifer E. Wuebker, VSB# 91184
                                          3190 Fairview Park Drive, Suite 800
                                          Falls Church, Virginia 22042
                                          Telephone: (703) 280-3374
                                          Email: dgaffey@wtplaw.com

                                          *Proposed Counsel for WW Contractors, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 16, 2018, I caused a copy of the foregoing Motion to be served via the Court's Electronic Case Filing System on all parties requesting notice thereby, and by first-class mail, postage prepaid, on the parties on the attached Service List.[2]

                                          /s/ *David W. Gaffey*
                                          Counsel

---

[2] Pursuant to Local Bankruptcy Rule 5005-1(8)(C), the service list is not being served with the mailed version of this pleading, but is available electronically via PACER as an attachment to the version filed with the Court.